## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LONNIE L. CROCKETT, an individual　　)
and on behalf of his spouse, HELENA M.　)
CROCKETT, Deceased,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Civil Action No. 05-4102-JAR
　　　　　　　　　　　　　　　　　　)
MERIT LIFE INSURANCE COMPANY,　)
a foreign corporation,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　)
_____)

### AGREED PROTECTIVE ORDER

Pursuant to the Joint Motion of the parties, and Fed. R. Civ. P. 26(c), it is hereby stipulated between the parties and ordered by the Court that the following procedures shall govern the production and exchange of all documents, testimony, interrogatories, and other information produced, given, or exchanged by and among all parties, including parties presently named or later joined to this action:

### Purpose and Scope

1.　　　Discovery in this action may involve disclosure of trade secrets and other confidential and/or proprietary business, technical, medical, and financial information entitled to protection under Fed. R. Civ. P. 26(c). This protective order ("Order") therefore is entered to protect against unauthorized disclosure of any such information and to ensure that such information will be used only for purposes of this action. This Order shall govern all information (whether in writing, in electronically readable form, or otherwise), interrogatory responses, responses to requests for admission, documents produced in response to requests for production or voluntary production of documents, deposition testimony, including but not limited to all

copies, excerpts, and summaries thereof or materials derived therefrom, and all other material and information produced, given, filed, or otherwise used in the course of pretrial discovery and other proceedings in this action, and any motions, briefs, or other filings incorporating such information (collectively, "Discovery Material").

### Applicability

2.      The provisions of this Order shall apply to the parties presently named or later joined in this action, including, in the case of parties other than individuals, their officers, directors, employees, and agents.

### Designation of Materials

3.      The producing parties may designate any Discovery Material as "Confidential" ("Confidential Discovery Material") when a party or their counsel believes that such Confidential Discovery Material constitutes or reveals a trade secret or other confidential or proprietary business, technical, medical, or financial information.

4.      It shall be the duty of the party who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the Confidential Discovery Material to be covered hereby. The duty of the other parties and of all persons bound by this Order to maintain confidentiality hereunder shall commence with such notice.

### Disclosure

5.      Except with the prior consent of the producing party or upon prior order of a court of competent jurisdiction, Confidential Discovery Material shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order. A non-producing party shall not, except with the prior consent of the producing party or witness or by order of the

Court, use Confidential Discovery Material for any purpose, including, without limitation, any business or commercial purpose, other than for the purpose of preparing for and conducting the litigation of this action and any appellate proceedings in this action, and disclosure of any Confidential Discovery Material shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action.

## Discovery Material Designated as "Confidential"

6.     Except with the prior consent of the producing party or upon prior order of this Court, Discovery Material produced hereafter and designated as "Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than the following Authorized Persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action:

(a)     The Court and/or the mediator, persons employed by the Court and/or the mediator, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

(b)     Counsel for the parties in this action, associates, legal assistants, paralegals, secretarial and clerical employees, and outside copy services, litigation consulting services, document management services, and graphic services that are assisting counsel in the prosecution, defense, and/or appeal of this action;

(c)     Experts, consultants and/or investigators retained, employed, or informally consulted by counsel in connection with the prosecution, defense, and/or appeal of this action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of this action;

(d)     The parties and the officers and employees of any party solely for the purpose of prosecuting, defending, and/or appealing this litigation; and

(e)     Fact witnesses providing testimony or documentary evidence in the prosecution, defense, and/or appeal of this action.

3

**Statements**

7.     Any person who is given access to Confidential Discovery Material shall, prior to being given any such material, be informed of the provisions of this Order, read this Order, and execute a written agreement indicating that he/she has read this Order and will abide by its terms in the form of Exhibit A attached hereto. The original of such written agreement shall be retained by counsel for each party who intends to or does provide such persons any such material, until the conclusion of this action, including all appeals. This paragraph does not apply to the parties, their attorneys or either of their employees.

**Non-Disclosure**

8.     Any person receiving Confidential Discovery Material shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such information.

**Designation of Written Discovery Material by Party or Witness**

9.     Any producing party shall designate Confidential Discovery Material at the time of its production by marking any originals or copies of the documents or other tangible materials with the legend "Confidential" at the time of their production, or by written designation as "Confidential" with reference to the bates numbers, identifying numbers or other identifying

categories or description of the documents. Whether such designations shall remain on the documents at the time they are introduced at trial shall be determined by the Court.

## Designation of Testimony by Party or Witness

10.     Any party shall have thirty (30) days from the date of receipt of a copy of a deposition or other transcript in which to designate all or portions of the testimony as "Confidential." Notwithstanding paragraph 4 of this Order, from the time the testimony is given through such 30-day period, all information disclosed in the testimony shall be deemed Confidential Discovery Material subject to the terms of this Order. After such thirty days have expired, any testimony not designated shall no longer be deemed Confidential Discovery Material, subject, however, to the terms herein. Such designation shall be made after transcription by sending written notice identifying the information to be so designated by page and line numbers to counsel of record and the witness within the 30 day time period.

## Nonconfidential Information

11.     In the event that any Discovery Material is improperly designated as "Confidential," such designation shall be honored until amended by agreement among the parties or until otherwise ordered by this Court.

## Disputes

12.     Any party may object to the designation of particular Discovery Material as "Confidential" by giving written notice to the party making the designation and to all other parties. Such notice shall identify with specificity the Discovery Material to which the objection

is directed and the basis of the objection. If any party disputes the challenge to the designation of the Discovery Material and such dispute cannot be resolved within ten (10) business days of receipt of such notice, it shall be the obligation of the party objecting to the designation to file a written request for an in camera review of the disputed Discovery Material to seek a ruling on the objection by the Court. The disputed Discovery Material shall be treated as originally designated pending a ruling from the Court. In any proceeding under this paragraph, the witness or party making the designation shall have the burden of proof that the challenged Discovery Material is entitled to protection from disclosure under Kansas law.

## Court Filings

13.     In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal.  In the event the court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.[1]

## Return of Discovery Material

14.     All provisions of this Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the parties agree otherwise in writing. Any and all

---

[1]*See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).

originals and copies of documents or other information produced in this litigation, whether or not designated as "Confidential" shall, at the written request and expense of the producing party, be (1) destroyed, or (2) returned to the producing party within sixty (60) days after a final, non-appealable judgment herein or settlement of this action. When documents are destroyed or returned at the request of the producing party, the other party or its outside counsel shall within thirty (30) days after such request, certify in writing that all such documents have been destroyed or returned.

## No Waiver

15.     Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in this action. This Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information properly sought in the course of discovery. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this action. Nothing contained in this Order or any declaration of confidentiality or restriction hereunder shall be used or characterized by any party as an "admission" by a party opponent. The failure of a party to object to or to challenge a designation by another party of Discovery Material as "Confidential" shall not constitute an admission that the materials so designated are in fact trade secrets, or other confidential or proprietary business, technical, medical, or financial information, or are entitled to any legal protection. The failure of a party to object to or to challenge a designation by another party of Discovery Material as "Confidential" upon initial receipt of this material shall not constitute or

be construed as a waiver of that party's right to subsequently object to or to challenge such designations at any later time.

## Inadvertent Failure to Designate

16.     Inadvertent failure to designate materials as Confidential Discovery Material at the time of production may be supplemented by written notice given by the producing party. Upon receipt of such notification, all documents, materials, or testimony so designated shall be fully subject to this Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation. Notwithstanding the foregoing, no party may designate materials under the Order later than 90 days after the materials were produced to an opposing party pursuant to this Order.

## Inconsistent Designations

17.     In the event a party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; however, if any person subject to this Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

## Further Motions Not Precluded

18.     Entry of this Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any document or to any motion for further restriction on the production, exchange, or use of any document or other information in the course of this action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

## <u>Continuing Jurisdiction</u>

19.     The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

IT IS SO ORDERED.

Dated:  November 23, 2005.


<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge



Approved by:


<u>s/Richard H. Seaton                              </u>
Richard H. Seaton
Kansas Bar Number 5994
SEATON BELL SEATON & GILLESPIE, L.L.P.
410 Humboldt Street
Manhattan, Kansas 66502
Telephone: (785) 776-4788
Facsimile: (785) 776-2449

E-mail: sbsglaw@sbcglobal.net


s/Mark A. Engel
Mark A. Engel
Oklahoma Bar Number:  10796
MANSELL & ENGEL, P.C.
101 Park Avenue, Suite 665
Oklahoma City, OK 73102
Telephone: (405) 232-4100
Facsimile: (405) 232-4140
E-mail: mensell-engel@coxinet.net
  ATTORNEYS FOR PLAINTIFF
  LONNIE L. CROCKETT


s/Darrell L. Warta
Darrell L. Warta
Kansas Bar Number 07244
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
Telephone: (316) 291-9514
Facsimile: (866) 347-3140
E-mail: dwarta@foulston.com

s/Thomas F.A. Hetherington
Thomas F.A. Hetherington
Texas Bar Number 24007359
BRACEWELL & GIULIANI, L.L.P.
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 223-2300
Facsimile: (713) 221-1212
Email: tom.hetherington@bracewellgiuliani.com

ATTORNEYS FOR DEFENDANT
MERIT LIFE   INSURANCE CO